﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190104-3266
DATE: October 31, 2019

ORDER

The withholding of VA compensation in the amount of $7,239.17 based on the Veteran’s concurrent receipt of Reserve Duty pay during fiscal year (FY) 2016 was not done at the proper amount. 

REMANDED

The claim for recalculation of withholding of compensation based on concurrent receipt of Reserve Duty pay in fiscal year 2016 is remanded.

FINDING OF FACT

The RO withheld VA compensation higher than required, having considered the rate for end of FY 2016, not that which applied to each month with reserve duty.

CONCLUSION OF LAW

Withholding of compensation in amount of 7,239.17 was too high. 38 U.S.C. § 5304(c) (2012); 38 C.F.R. § 3.700 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service in the U.S. Air Force for numerous years, including from June 1975 to October 1975, from January 1989 to April 1989, from May 1999 to November 1999, from September 2001 to September 2003, and from April 2009 to April 2010. Thereafter, he had additional reserve duty.

As indicated by the Veteran in communication with the Regional Office (RO), this matter contests the withholding of VA compensation. He is not currently seeking waiver of overpayment, insofar any overpayment prior to the withholding determination. 

This case is being reviewed according to the appellate process set forth under the Veterans Appeals Improvement and Modernization Act of 2017 (hereinafter the “Appeals Modernization Act” (AMA)). The Appeals Modernization Act become effective February 19, 2019. The Board considers the matter per the Evidence Docket, according to which there is the opportunity to forward additional evidence within 90-days of filing a Notice of Disagreement (NOD).

The propriety of withholding of VA compensation in the amount of $7,239.17 based on concurrent receipt of Reserve Duty drill pay in FY 2016. 

VA law precludes the concurrent receipt of VA disability compensation benefits and active service pay. This includes active duty pay, drill, and active duty for training payments, and inactive duty for training payments made to reservists and members of the National Guard. 38 U.S.C. § 5304(c) (2012); 38 C.F.R. §§ 3.654, 3.700 (2019).

Reservists or members of the National Guard may waive their VA disability compensation for periods of field training, instruction, other duty, or drills. A waiver may include prospective periods and contain a right of recoupment for the days for which the reservist did not receive payment for duty by reason of failure to report for duty. 38 C.F.R. § 3.700(a)(1)(iii).

In the present case, whereas the Veteran elected to waive VA compensation, the Board finds the RO’s calculation of the amount to withhold was unfortunately, clearly incorrect. According to the VA Regional Office $7,239.17 should be withheld. That figure was calculated based on the fact that effective August 1, 2016, monthly compensation went from $133.17 to $1,888.48. The RO took the end of year figure $1,888.48 as the applicable rate and in proportion to 115 reserve duty “drill days”, and reached the final number of $7,239.17. 

The Veteran now disputes that finding, and the Board agrees. The RO’s stated reason for the higher number was as follows, that “we are obligated to use the rate in effect on the last day of the fiscal year.” This reflected provisions from the M21-1, VA Adjudication Procedure Manual. The manual does state routine procedure on the subject of withholding. See generally, Overton v. Wilkie, 30 Vet. App. 257, 264 (2018). However, the Board observes the citation was incomplete. If not accurately cited manual provisions have little use. VA procedure requires withholding at the rate for end of fiscal year, except “if the actual dates on which the Veteran attended drills/training are known, withhold benefits at the same rate VA was paying the Veteran on those dates.” See M21-1, VA Adjudication Procedure Manual, Part III.v.4.C.5.a (Sept. 7, 2018). 

The Veteran had reserve duty throughout the year in FY 2016 and the RO did not correctly apply procedure. Therefore, withholding of $7,239.17 was incorrect. 

The Veteran’s claim contesting the withholding amount is granted. Recalculation should be done on remand. 

REASONS FOR REMAND

The claim for recalculation of proper withholding of VA compensation based on current receipt of Reserve Duty drill pay in fiscal year 2016.

To determine the exact number of drill days and when these took place, given there is some varying information a remand is warranted to resolve the question. The amount of withholding should be recalculated. For the latter purpose, the RO would need to consider the actual compensation each month of reserve duty ($133.17 in advance of August 1, 2016). 

The matters are REMANDED for the following action:

1. The AOJ should recalculate the proper amount of withholding of VA compensation by the correct procedures, to include determining the exact number and dates of reserve duty in FY 2016 (i.e., whether 115 days or closer to 130 as elsewhere suggested); and as well, the correct compensation rate corresponding to each month that the Veteran had reserve duty ($133.17 from January 2016 through July 2016; then $1,888.48 effective August 1, 2016). M21-1, VA Adjudication Procedure Manual, Part III.v.4.C.5.a (Sept. 7, 2018). 

2. Then readjudicate the claim on appeal in light of all additional evidence received. If the benefit sought on appeal is not granted, the Veteran should be furnished with a Supplemental Statement of the Case (SSOC) and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.